IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TIMOTHY A. NORDGREN, ESQ., Administrator of the Estate of RYNO FERREIRA, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:14CV605 |
| OWAIN HUGHES, | ) ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendant's Motion to Dismiss [Doc. #5]. In the Motion, Defendant contends that the case should be dismissed as barred by the exclusivity provisions of the North Carolina Workers' Compensation Act. However, because Plaintiff and Defendant are both aliens, as further discussed below, and this case does not involve a suit by or against any citizen of a State under 28 U.S.C. § 1332, the Court recommends that this case be remanded to North Carolina state court due to lack of federal subject matter jurisdiction. On that basis, the Court recommends that Defendant's Motion to Dismiss be denied without prejudice to further consideration by the state court.

I.     FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff brings the instant action as administrator of the estate of Ryno J. Ferreira ("Ferreira" or "Decedent"). According to the Complaint, Decedent was a citizen and resident of the Republic of South Africa, who, at the time of his death, was legally within the

United States as part of a program "commonly known as the J-1 Visa Exchange Visitor Program." (Compl. [Doc. #2] ¶¶ 1-2.) The Complaint alleges that, on April 6, 2013, Decedent was a passenger in a vehicle driven by Defendant. According to the Complaint, Defendant failed to properly stop or yield at a stop sign, causing the vehicle to enter into the path of a truck. The resulting collision caused Decedent severe injuries and ultimately resulted in his death. (Id., ¶ 10.) The Complaint includes no allegations regarding the employment of Decedent or of Defendant at the time of the accident. Plaintiff initially filed the Complaint in North Carolina state court, bringing a sole claim entitled "Negligence of [Defendant] Resulting in Wrongful Death." (Id., ¶¶ 11-13.) Defendant removed this action to federal court on the basis of diversity of citizenship [Doc. #1]. In his Petition for Removal, Defendant notes that, at the time of the accident and when this action was commenced, Defendant was a citizen and resident of the United Kingdom. (Id., ¶ 8.)

Defendant has now filed the instant Motion, contending that dismissal is appropriate under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure because Decedent and Defendant were co-workers at the time of the accident and the claim is barred by the North Carolina Workers' Compensation Act.[1] In connection with his Motion,

---

[1] The United States Court of Appeals for the Fourth Circuit has affirmed decisions dismissing claims under Rule 12(b)(1) where the applicable Workers' Compensation Act provides for the exclusive remedy. See, e.g., Meredith v. Honeywell Int'l, Inc., 245 F. App'x 325 (4th Cir. 2007); Banks v. Virginia Elec. Power Co., 205 F.3d 1332 (Table) (4th Cir. 2000); Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642 (1999). However, courts have questioned whether this issue should be analyzed under Rule 12(b)(6) or Rule 56 rather than Rule 12(b)(1). See, e.g., Harvard v. Perdue Farms, Inc., 403 F. Supp. 2d 462, 463-64 (D. Md. 2005); Demetres v. East W. Constr., 995 F. Supp. 2d 539, 542 n.2 (E.D. Va. 2014); see also Carrier v. Westvaco Corp., 46 F.3d 1122 (Table) (4th Cir. 1995) (affirming grant of summary judgment based on

Defendant has filed certain documents from the North Carolina Industrial Commission indicating acceptance of workers' compensation awards by both Decedent and Defendant. The first document is entitled "Order Approving Agreement for Final Compromise Settlement and Release" and identifies Defendant in this action, Owain Hughes, as "Employee-Plaintiff" and "Hidden Creek Contractors, Inc./Fairway Solutions Corp." as "Employer." (See Def.'s Mot., Ex. A [Doc. #5-1] at 2.) The second document is a form document entitled "Award Approving Agreement for Compensation for Death" listing "Ryno Ferreira" in the location for "Deceased Employee's Name" and "Hidden Creek Contractors, Inc. and Fairway Solutions" in the location for "Employer's Name." (See Def.'s Mot., Ex. B [Doc. #5-2] at 2.) Based on those documents, Defendant contends that, "[b]ecause the Decedent and [Defendant] were co-employees at the time of the accident, and they have applied for and accepted benefits under the North Carolina Worker's Compensation Act, Decedent's estate is barred from bringing a separate action directly against [Defendant]." (Def.'s Mem. [Doc. #6] at 2.)

II.     DISCUSSION

Defendant's Motion raises legitimate questions regarding the propriety of this action. "The [North Carolina] Workers' Compensation Act provides an exclusive remedy for

---

Workers' Compensation exclusivity provisions). The Court of Appeals for the Seventh Circuit has considered this issue directly, concluding that the question of federal subject matter jurisdiction is a matter of federal constitutional and statutory law, and that "state law cannot expand or contract that grant of authority," but that a claim barred by state workers' compensation exclusivity provisions is not a viable claim and should be dismissed for failing to state a claim on which relief may be granted under Rule 12(b)(6) or on summary judgment under Rule 56. Goetzke v. Ferro Corp., 280 F.3d 766 (7th Cir. 2002).

3

unintentional work-related injuries." Gregory v. Pearson, 736 S.E.2d 577, 580 (N.C. App. 2012). This exclusivity also bars "a worker who is injured in the course of his employment from suing a co-employee whose negligence caused the injury." Pleasant v. Johnson, 312 N.C. 710, 713, 325 S.E.2d 244, 247 (1985); see also Gregory, 736 S.E.2d at 580 ("Similarly, an employee who recovers under the Workers' Compensation Act cannot raise a negligence claim against a co-employee acting in the scope of employment."). The only exception to the Act's exclusivity provision that appears relevant here holds that "when a co-employee acts in a willful, wanton, and reckless manner" an injured plaintiff may "seek recovery from the co-employee in a common law action." Trivette v. Yount, 366 N.C. 303, 306, 735 S.E.2d 306, 308-09 (2012) (citing Pleasant, 312 N.C. at 716-17, 325 S.E.2d at 249-50). However, given the minimal allegations of willful, wanton and reckless conduct in this case, and the contentions that Decedent and Defendant were employed by the same entity at the time of the underlying accident and have apparently recovered on Workers' Compensation claims, it is questionable whether Plaintiff's claim may proceed.[2]

However, the Court cannot proceed further with this matter because it appears that federal subject matter jurisdiction is lacking. Pursuant to 28 U.S.C. § 1447, after a case is removed from State court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see

---

[2] In light of the lack of specific assertions in the Complaint regarding these issues, and in light of the contentions raised by Plaintiff in the Response Brief, it appears that limited discovery and/or preliminary summary judgment motions would be appropriate with respect to the applicability of the Workers' Compensation exclusivity provisions in this case if federal subject matter jurisdiction otherwise existed.

4

also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (en banc) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court."). In this case, although Defendant removed the case to this Court on the basis of diversity of citizenship, it is clear from the Complaint and from the Notice of Removal that both Decedent and Defendant are foreign nationals. As such, this Court does not have jurisdiction to hear this matter. "Article III of the United States Constitution extends the judicial power to controversies 'between Citizens of different States . . . and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.' U.S. Const. art. III, § 2, cl. 1. . . . In the case of litigation involving an alien, a state or a citizen of a state must be a party." Matao Yokeno v. Sawako Sekiguchi, 754 F.3d 649, 652 (9th Cir. 2014) (citing Jackson v. Twentyman, 27 U.S. (2 Pet.) 136, 136 (1829) (holding that under the Constitution, "the judicial power does not extend to private suits in which an alien is a party, unless a citizen be the adverse party"); Hodgson v. Bowerbank, 9 U.S. (5 Cranch) 303, 304 (1809) (holding that under the Constitution, if the plaintiff is an alien, the defendant must be a citizen of a State, otherwise the federal courts do not have jurisdiction)); see also Bastos v. Kelowna Flightcraft, Ltd., No. 2:10CV946, 2011 WL 3905064 (S.D. Ohio Sept. 6, 2011). Likewise, under 28 U.S.C. § 1332, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." Exxon Mobil Corp. v. Allapattah

5

Servs., Inc., 545 U.S. 546, 552 (2005) (citing 28 U.S.C. § 1332); see also Kavourgias v. Nicholaou Co., 148 F.2d 96 (9th Cir. 1945) ("Being a suit between aliens, wherein no Federal question was raised, this was not a suit of which the district courts of the United States are given original jurisdiction, and hence it was not removable."); 14A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3661 (4th ed.) ("If both the plaintiff and the defendant are aliens, . . . it is [ ] well settled . . . that Section 1332 does not apply and there is no alienage jurisdiction . . . .").

In this case, the Complaint alleges that Decedent "was a citizen and resident of the Republic of South Africa" and that Defendant "is a citizen and resident of the United Kingdom." (Compl. [Doc. #2] ¶¶ 1, 4.)[3] Likewise, Defendant's Petition for Removal states that, "[a]t the time of his death, [Decedent] was a citizen and resident of the Republic of South Africa who was, upon information and belief, lawfully in the United States pursuant to a J-1 Visa" and that "[a]t the time of the [a]ccident and when the action was commenced, Defendant Owain Hughes was a citizen and resident of the United Kingdom." (Pet. for Removal [Doc. #1] ¶¶ 6, 8.) The Petition goes on to state that "[n]o change of citizenship

---

[3] The Court notes that although the administrator of the Decedent's estate is a citizen and resident of North Carolina, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). "The statutory definition of the term 'State' does not include foreign states, see 28 U.S.C. § 1332(d); however, '[t]he most obvious and sensible meaning of [28 U.S.C.] § 1332(c)(2) . . . is that the representative of a decedent's estate is treated as having the citizenship of the decedent. Consequently, the representative of the estate of an alien is treated as an alien for purposes of diversity jurisdiction.'" Miller ex rel. Estate of Dimas v. Morocho Brother's Const., Inc., No. 1:03CV924, 2004 WL 727040 at n.3 (M.D.N.C. Mar. 31, 2004) (quoting Kato v. County of Westchester, 927 F. Supp. 714, 716 (S.D.N.Y.1996)).

6

of parties has occurred since the commencement of the action." (Id., ¶ 9.)  Accordingly, both parties being foreign nationals, diversity of citizenship for purposes of 18 U.S.C. § 1332 and Article III does not exist, and this matter should be remanded.

IV.     CONCLUSION

IT IS THEREFORE RECOMMENDED that this action be remanded to North Carolina state court for further proceedings.

IT IS FURTHER RECOMMENDED that Defendant's Motion to Dismiss [Doc. #5] be denied without prejudice to Defendant raising his contentions in state court.

This, the 2nd day of July, 2015.

                                                                         /s/ Joi Elizabeth Peake
                                                                       United States Magistrate Judge